OPINION OF THE COURT
Jose Ramos-Lopez, J.
This is an action for damages for loss of baggage while in the custody of defendant.
Plaintiffs traveled on defendant’s flight 903 from Madrid, Spain, to John F. Kennedy Airport, New York. They checked two pieces of luggage with defendant in Madrid. Upon arrival at Kennedy Airport, plaintiffs retrieved their baggage from the carousel at the baggage area and proceeded to the customs and immigration area for inspection and clearance. After clearing customs, an employee of defendant took and placed *512 the baggage on a conveyor belt to transfer them up to street level. Plaintiffs proceeded to the street level and retrieved only one suitcase. The other suitcase never came up; the missing suitcase is the subject of this litigation. Plaintiffs seek to recover damages in an amount greater than the limit of liability of the carrier under the provisions of the Warsaw Convention.
The parties submitted a stipulation of facts for determination of whether the provisions of the Warsaw Convention, limiting the liability of air carrier, applies here.
The stipulated facts appear to be of first impression, in this jurisdiction, regarding the issue of when "transportation by air” (49 US Stat 3000, 3019 [art 18, § (2)]) terminates.
The instant contract of transportation involves an international flight between two countries which are both signatories to the Warsaw Convention, and the court takes judicial notice of the treaty (49 US Stat 3000; Rosman v Trans World Airlines, 34 NY2d 385; Kalish v Trans World Airlines, 89 Misc 2d 153).
Article 18 of the Warsaw Convention provides in pertinent part:
"(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.
"(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in the case of a landing outside an airport, in any place whatsoever.”
Plaintiffs contend that since the flight terminated and the defendant returned the luggage prior to the loss, the Warsaw Convention does not apply.
Defendant urges that the loss occurred during the "transportation by air” as defined in section (2) of article 18 of the convention since the carrier had charge of the baggage at the time of the loss, and the loss occurred in the airport.
The court’s research did not find any authoritative case defining the period of "transportation by air” under article 18, and therefore, draws an analogy from cases arising under article 17 of the convention.
*513 The court notes the obvious intention of the drafters of the Warsaw Convention in drafting two separate articles to delineate bodily injury cases from baggage loss or damage cases (49 US Stat 3000, 3018-3019 [arts 17, 18]). But the criteria adopted by the courts to determine the period of air carriage applied in cases arising under article 17 should be applied to baggage cases arising under article 18 of the convention.
In cases involving bodily injuries under article 17 of the convention, courts have set forth tripart criteria to determine the period of air transportation, which include the acts of embarking and disembarking. The criteria are: (1) the degree of control of the carrier over the injured passenger at the time of the accident, (2) the location of the accident, and (3) the activity the party was engaged in at the time of the accident. (Day v Trans World Airlines, 528 F2d 31, cert den 429 US 890, reh den 429 US 1124; Evagelinos v Trans World Airlines, 550 F2d 152.)
The criteria set forth are designed to examine the total circumstances of each case and can be applied flexibly to determine the termination of a flight for a passenger as well as his or her baggage, both being subjects of transportation by air under a common carriage agreement.
In the present case, plaintiffs have disembarked from the airplane at Kennedy Airport, retrieved their baggage from defendant’s baggage claim area and received clearance from a United States Customs official. Defendant had parted with all control over plaintiffs’ baggage before plaintiffs entered the customs area. After receiving clearance from customs, plaintiffs were allowed to and had entered the unrestricted area of the air terminal. It is clear that the procedure required to end the "transportation by air” had thus been completed by plaintiffs.
Plaintiffs were no longer under the ambit of control of defendant and were free to leave the airport with custody of their baggage. Plaintiffs were in the process of leaving the airport when defendant’s agent repossessed the bags and placed them on a conveyor belt where one bag was lost. Plaintiffs could have chosen to carry their own baggage to street level after leaving the customs area. In such case, there could be no doubt that the flight had ended when plaintiffs left the customs area.
The "transportation by air,” once terminated, cannot be *514 revived by defendant’s election to take over custody of the baggage for transportation by conveyor belt to street level.
Here, defendant had fulfilled its end of its bargain under the flight agreement and was under no further contractual obligation to transfer the baggage to another level of the airport.
Defendant’s action in having its agent retake the baggage from plaintiffs was gratuitous, to enhance its business relationship with its passengers for their convenience due to the two-tier level construction of the defendant’s aerodrome, and resulted in the creation of a bailment between the parties.
With the current massive transit of passengers and baggage in our present spacious and often multilevel constructed air terminals, incidents, such as the instant case, can be reasonably foreseen where baggage may be lost while in the control of the carrier and in the airport, outside the period of "transportation by air,” when the carrier voluntarily takes charge of the baggage to transport them from one part of the terminal to another, for the convenience of the passenger, and its own economical gains. Therefore, the facts of each case should be carefully scrutinized since the elements of "transportation by air” provided under section (2) of article 18 are necessary but not the sole determinant of the period of "transportation by air.”
Though the baggage was lost while in charge of defendant and in the airport, the evidence in this case clearly showed that the "transportation by air” had ended at the time of the loss and any presumption to the contrary was unsupported and overcome by the stipulated facts of the case.
To rule otherwise, the court would have to sustain the application, of the provisions of the Warsaw Convention to the liability of air carriers for loss of baggage without regard to the commencment or termination of the "transportation by air,” which is obviously not the intention of the drafters of the convention (49 US Stat 3000).
Based on the foregoing, the court finds the provisions of the Warsaw Convention do not apply in this instance.
Since there appears to be no agreement in the factual issues as to the type of bailment involved herein, or the apparent negligence on the part of the defendant and the amount of damages from the submitted memoranda, the court directs the parties to settle an order setting a date for trial at an *515 appropriate Trial Part to determine these issues, in accordance with this decision.